**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAMON TIMOTHY RASHAAD LARRY,**

    **Plaintiff,**
vs.                                  **Case No. 4:22-cv-00141-AW-MAF**

**ORIENT ROAD JAIL,
FALKENBURG ROAD JAIL,
AND HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Damon Timothy Rashaad Larry, a pretrial detainee, proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee but submitted a motion to proceed *in forma pauperis* (IFP). ECF No. 2. The complaint has now been reviewed as required by 28 U.S.C. § 1915A. For the reasons stated, Plaintiff's case should be transferred to the Middle District of Florida.

I. **Plaintiff's Complaint, ECF No. 1.**

Plaintiff sues Orient Road Jail, Falkenburg Road Jail, and the Hillsborough County Sheriff's Office, all in their official capacities. ECF No. 1, pp. 1-3. All three defendants are in Hillsborough County, Florida. Id., pp. 2-3. The complaint is difficult to discern. As best can be determined,

Plaintiff generally alleges "cruel and [unusual] punishment" in violation of the Eighth Amendment. Id., p. 5. Plaintiff states that he plead guilty in 2018 after exhausting defenses including a motion to rely on a "Stand Your Ground" defense.[1] Id. On the day of the hearing, jail officials failed to transfer Plaintiff and told him he did not have court on that day. Plaintiff claims this amounts to cruel and unusual punishment. Id., p. 6. Plaintiff asks the Court $44,000,000 in punitive damages. Id., p. 7.

**II. Plaintiff's Case Should be Transferred to the Middle District of Florida**

It appears that Plaintiff has filed this case in the wrong venue. Venue for Section 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

Venue appears to be appropriate in the Middle District of Florida because this is where events occurred and where defendants are located.

---

[1] Pursuant to Fed. R. Civ. P. 201, the Court takes judicial notice of the Florida Department of Corrections' online Corrections Officer Network. Plaintiff was convicted of manslaughter and was sentenced on August 23, 2018, in Hillsborough County Case No. 16CF16146. FDOC offender information is available at the following URL: http://www.dc.state.fl.us/offendersearch/. Accessed 4/18/2022.

Tampa is located within Hillsborough County, Florida. 28 U.S.C. § 89(b).

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it or by ruling on Plaintiff's *in forma pauperis* motion. No hearing is necessary prior to directing the transfer of a case.

### III. Conclusion and Recommendation

For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on April 18, 2022.

>   s/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).